UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELANIE B,

                      Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                   Defendant.

Case No. 3:25-cv-05514-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her claim for DIB on May 28, 2020, and for SSI on December 9, 2020, alleging disability as of May 28, 2020.[1] AR 194. Her applications were denied initially and upon reconsideration. *Id.* ALJ Allen Erickson held a hearing on June 23,

---

[1] Plaintiff originally alleged disability beginning October 31, 2017, but later amended her onset date at her hearing in 2022. AR 194.

1

2022, and subsequently issued a decision finding plaintiff not disabled. AR 194-203. The Appeals Council granted plaintiff's request for review and remanded her claim for further proceedings. AR 211-13. The ALJ held a second hearing on February 27, 2024, and again issued a decision finding plaintiff not disabled. AR 17-28.

The ALJ found that plaintiff's bipolar and depressive disorder was a severe impairment and that she had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels except she could understand, remember, and apply short, simple instructions; perform routine, predictable tasks; make simple decisions; be exposed to occasional, routine workplace changes; have occasional interaction with the general public; and could not work in a fast-paced, production-type environment. AR 20, 22.

The ALJ found plaintiff could perform work existing in the national economy and was accordingly not disabled. AR 26-27. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that

supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

Plaintiff assigns error to the ALJ's decision regarding her subjective symptom testimony and the lay witness testimony and contends that the proper remedy is to remand for an award of benefits. Dkt. 9.

**1. Plaintiff's statements regarding subjective symptoms**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014).

The ALJ found that plaintiff's testimony was undermined by her daily activities, her receipt of unemployment benefits in 2021, largely normal mental status examinations, and her failure to seek treatment. AR 23-25.

**a. Daily Activities**

The ALJ found that plaintiff's ability to prepare meals, clean her home, pay bills, count change, drive a vehicle, use public transport, and talk to others on the phone or computer undermined the weight that could be given to her testimony. AR 23-24. The ALJ also noted that plaintiff testified that she could accomplish many things during

ongoing manic episodes. AR 24. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ failed to explain how the listed activities were inconsistent with plaintiff's testimony, and the Court can see no reasonable inference that such inconsistency exists. Nor do the activities meet the threshold for transferable work skills. The Ninth Circuit has recognized that many home activities are not easily transferable to the workplace, "particularly for claimants suffering from mental illness, who many be able to "limit environmental stressors," and thus experience "improved functioning," at home in a way that is impracticable at work." *Smith v. Saul,* 820 F. App'x 582, 585 (9th Cir. 2020) (quoting *Garrison*, 759 F.3d at 1017).

### b. Unemployment Benefits

The ALJ also found plaintiff's testimony was undermined by her receipt of employment benefits for several months in 2021. AR 24. Receipt of unemployment benefits can, under some circumstances, undermine a claimant's alleged inability to work full-time. *Fennell v. Berryhill*, 721 F. App'x 652, 655 (9th Cir. 2018) (ALJ properly discredited claimant's testimony where she held herself out as available for full-time work when receiving unemployment benefits during the adjudicatory period). The ALJ stated, incorrectly, that the State of Washington requires applicants to certify that they are capable of working a full-time job. AR 24. The defendant repeats this error in their brief. Dkt. 11 at 4.

Washington requires that a claimant be "able and available to work," meaning claimants must be ready, able, and willing to immediately accept any suitable work

4

offered. Wash. Rev. Code § 50.20.010(1)(c) (2026). Individuals may not be denied benefits for applying, seeking, or accepting only part-time work. *Id.* § 50.20.119(1). And the Washington Administrative Code specifically contemplates eligibility for individuals who are disabled and unable to work full-time. *See* Wash. Admin. Code § 192-170-050(1)(b) (2026) (the department may determine in individual circumstances that less than full-time work is suitable if the disability prevents you from working the number of hours customary to the occupation).

Thus, plaintiff's receipt of Washington State unemployment benefits does not necessarily mean that she certified she could work a full-time job. The ALJ appears to have assumed that plaintiff could only have received unemployment benefits if she made such certification.

As the record does not contain plaintiff's application for unemployment benefits, it unclear what plaintiff's certification actually said. Accordingly, the Court finds that plaintiff's receipt of unemployment compensation does not give rise to a legally sufficient reason to reject plaintiff's allegations. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (finding ALJ's adverse credibility finding not supported by substantial evidence where record failed to establish whether claimant held self out as available for full-time or part-time work; observing that only the former is inconsistent with disability allegations).

### c. Objective Medical Evidence

The ALJ found that the medical evidence failed to document significant objective findings or treatment supporting greater limitations than those assessed in the RFC. AR

24. He noted that plaintiff did not consistently participate in therapy or take psychotropic medication and mental status examinations in the record were largely normal. *Id*.

The unexplained failure to seek and follow through with treatment can be a legally sufficient reason to reject a claimant's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012). But "[w]hen a person suffers from a mental illness, and the mentally ill person does not have the requisite insight into his or her condition to seek or comply with treatment…this fact actually can indicate a greater severity of mental incapacity." *Fife v. Comm'r of Soc. Sec.,* 583 F. Supp. 3d 1344, 1353 (W.D. Wash. 2022). "[I]t is a questionable practice to chastise one with a mental impairment for the exercise in poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

The record, including plaintiff's own testimony, reveals that plaintiff struggles to understand her mental health conditions, or the symptoms and limitations. *See, e.g.*, AR 74 ("I think I'm fine sometimes…[a]nd then I look back and I go, I'm not fine…It's hard. So it is not easy to just judge myself because I really want to be fine."); AR 103 ("People were the problems, but I was the problem apparently"); AR 141-42 ("people say I do, but I don't think I'm confused. I think I got it right, and they think I'm confused."); AR 635 (2019 psychological evaluation noting poor social judgment, limited insight).

Plaintiff also explained that she stopped taking medication because she was unable to pay a bill and could not return to her prescribing physician. AR 107. She had not started taking medication again, although she wanted to, because she was having difficulty with transportation and coordination of appointments. AR 76, 126-27.

The ALJ erred by failing to consider plaintiff's difficulty with understanding her conditions, and associated symptoms and limitations; and the ALJ erred when he did not consider plaintiff's explanations for lack of treatment. *Nguyen v. Chater*, at 1465; *Roberts v. Saul,* 825 F. App'x 473, 474 (9th Cir. 2020) ("If a claimant suffers from mental illness, as Roberts does, a general failure to adhere to prescribed medical care is not an adequate ground for discounting the claimant's testimony.").

The ALJ also found plaintiff's testimony inconsistent with normal mental status findings in the record. AR 24-25. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161. But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

Here, although the ALJ acknowledged other abnormal findings in the record such as limited insight, poor judgment, anxiety, and mood swings, he failed to explain why the normal mental status examinations were more persuasive than these abnormal findings. The ALJ's focus on normal MSE results to the exclusion of other abnormal findings in the record is an erroneously selective focus on evidence. *See Ghanim*, 763 F.3d at 1164 (finding the ALJ must consider evidence in light of the overall record, and treatment records cannot be cherry-picked).

Claimants with mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, mixed results from treatment, and such claimants are often unpredictable patients -- their ability to comply with recommended

medication and other supports may be spotty. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). Especially when a claimant suffers from bipolar disorder, the symptoms are cyclical, and short-lived improvements would not, by themselves, constitute substantial evidence for purposes of over-riding a treating physician's opinion that the plaintiff is significantly impaired. *Buck v. Colvin,* 540 Fed. Appx. 772, 773 (9th Cir. 2013).

### d. Harmless Error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).This is because an incomplete RFC leads to incomplete hypothetical questions presented to the VE. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

Here, if the ALJ had fully considered plaintiff's testimony, the limitations described in the RFC may be more restrictive, and that could change the hypotheticals posed, and the result.

### 2. Lay witness evidence

An ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as family members using the same factors for evaluating medical evidence. 20 C.F.R. § 404.1502(e). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony, but it has continued to apply this standard. *See, e.g.*, *Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023) ("We have not yet addressed whether under the

new regulations an ALJ is still required to provide germane reasons for discounting lay witnesses."), *MacArthur v. Kijakazi*, 2023 WL 8519119, at *2 (9th Cir. Dec. 8, 2023) ("An ALJ may discount lay witness opinion evidence by providing reasons germane to each witness for doing so.") (citing *Molina*, 674 F.3d at 1111) (internal quotations omitted).

Here, the ALJ stated that he considered the third-party statements submitted by plaintiff's family and friends but found them unpersuasive without elaborating further. AR 26. Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence that may not be disregarded without comment. *Nguyen,* 100 F.3d at 1467; *see also Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (an ALJ must explain why "significant, probative evidence has been rejected.").

Having failed to provide an explanation for rejecting probative evidence, the ALJ has erred. On remand, the ALJ is directed to consider the lay witness statements and, if rejecting any of these statements, articulate germane reasons for doing so.

**3. Whether the Court should reverse with a direction to award benefits.**

Plaintiff contends the appropriate remedy is to remand for an award of benefits. Dkt. 9 at 13. She argues that her testimony and the lay witness evidence show she could not interact with others on a regular basis and that the vocational expert testified that an individual who could not get along with a supervisor would be unable to work. Dkt. 9 at 14 (citing AR 148). Thus, she contends that remand for benefits is the proper remedy as a vocational consultant has already considered the impact of the relevant limitations.

Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or

explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill,* 880 F.3d 1041, 1044 (9th Cir. 2017). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014).

Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the Court] reach[es] the third step and credit[s the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon,* 880 F.3d at 1045 (citing *Treichler,* 775 F.3d at 1101-02). "[A]n ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Treichler,* 775 F.3d at 1106.

Here, remand for further proceedings is the appropriate remedy. The relative lack of medical evidence in the record creates some ambiguity as to whether plaintiff is disabled. There are also unresolved issues as to whether plaintiff held herself out as capable of full-time work when she applied for unemployment benefits in 2021. As it is not clear that the ALJ would be required to find plaintiff disabled on review, the Court remands the matter for further administrative proceedings.

## **CONCLUSION**

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings including a de novo hearing, re-evaluation of the testimonial evidence, and the opportunity to submit additional evidence.

Dated this 17th day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge

11